# FENSTER & KURLAND LLP

### ATTORNEYS AT LAW
### 337 NORTH MAIN STREET
### SUITE 11
### NEW CITY, NEW YORK 10956
### TELEPHONE

ROBERT D. FENSTER, P.C.
ADAM K. KURLAND, P.C.*
* ADMITTED IN NY AND NJ

(845) 638-4700
FACSIMILE
(845) 638-4767

PARALEGALS:
LORI DEAN-CHIRONNO
KATHERINE M. KIVLEHAN

May 8, 2015

*__VIA ECF AND E-MAIL__*

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re:   *Gojo Industries, Inc. v. Innovative Biodefense, Inc. - Case No. 15-cv-2946 (PAC)*

Dear Judge Crotty:

Defendant Innovative Biodefense, Inc. ("IBD") requests that the Court schedule a pre-motion teleconference regarding a venue change to the Central District of California to protect the witnesses, parties and public against unnecessary inconvenience and expense in this action.

This is a federal Lanham Act action commenced by Plaintiff Gojo Industries, Inc. ("Plaintiff" or "Gojo") (the makers of Purell) against a small competitor in the hand sanitizer business.   Gojo claims that IBD falsely advertised that alcohol-based sanitizers[1]: (1) are "dangerous" and unsafe; (2) are ineffective to combat Norovirus; (3) have risks associated with increased infection rates; and (4) can cause damage to the skin and hands. IBD intends to file Counterclaims against Gojo alleging violations of the Lanham Act and California law.

_____

[1] PURELL® is an alcohol-based sanitizer.

The Honorable Paul A. Crotty                    -Page 2-                          May 8, 2015

Since the Central District easily meets the threshold requirements of subject matter jurisdiction, personal jurisdiction and proper venue, this Court may consider a venue change based on "an individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). Specifically, the Court should consider the following factors to determine which venue is preferable:

(1) the convenience of the witnesses;
(2) the convenience of the parties;
(3) the location of relevant documents and the relative ease of access to sources of proof;
(4) the locus of operative facts;
(5) the availability of process to compel the attendance of unwilling witnesses;
(6) the relative means of the parties;
(7) the forum's familiarity with governing law;
(8) the weight accorded to plaintiff's choice of forum; and
(9) trial efficiency and the interests of justice.

*Hix v. Morgan Stanley & Co. LLC*, No. 15CV217-LTS-JCF, 2015 WL 1726548, at *1 (S.D.N.Y. Apr. 15, 2015). These factors, viewed as a whole, weigh in favor of transferring this matter to the Central District of California.

*First*, a transfer will be considerably more convenient for witnesses – the most important consideration for a venue transfer. Here, most of the parties' witnesses will be IBD employees (all California residents) who were allegedly involved in making the allegedly false statements to a nationwide audience via the internet.[2]

---

[2] In fact, the only statements that were allegedly made by a New York resident are statements that an employee of Defendant Aquarius Global Energy Partners, LLP ("Aquarius GEP") made via e-mail regarding the FDA's approval of IBD's products. However, Defendant Aquarius GEP has settled with Plaintiff and the issues regarding those statements have been resolved. Moreover, many of the other facts alleged by Plaintiff regarding venue in this Court (such as IBD manufactures product in New York) are false.

IBD's defense and Counterclaim would also involve third party witnesses from IBD's public relations firm, formulator, manufacturer, intellectual property counsel, and accountant, in addition to witnesses from at least three hospitals who conducted IBD's clinical trials. All of these witnesses reside in California. In the event of a trial, all of the percipient witnesses would have to take time off from work and spend significant funds on airfare, food and lodging, in addition to being away from their families, in order to travel to New York. Many of IBD's third party witnesses may not be willing to voluntarily appear in the Southern District; and the Court will have limited recourse in that situation.

*Second*, the bulk of the evidence related to Gojo's claims (i.e. documents related to IBD's clinical trials in California, documents in the possession of IBD's third party witnesses) is located in California. Thus, transferring this case to the Central District will facilitate access to most of the relevant evidence.

*Third*, there is no reason to dispute the Central District's familiarity with Lanham Act actions and its ability to efficiently adjudicate Gojo's claims and IBD's claims.

*Fourth*, California has a prevailing interest in adjudicating false advertising claims that allegedly took place in the state. Here, the allegedly false statements identified in Gojo's Complaint originated from and were made in California. In addition, Gojo's statements at issue in the Counterclaim were directed at California residents. Since the Central District has a greater interest in this action than any other District, a transfer is warranted.

*Fifth*, given the relative size of the two companies, it would be easier for Gojo to litigate in California than it is for IBD to litigate in New York. Forcing a small startup company like IBD to litigate in New York will be an undue hardship. Venue in the Central District will not

The Honorable Paul A. Crotty                    -Page 4-                    May 8, 2015

increase the inconvenience to Gojo since the company is in Ohio, and Gojo will be obligated to travel regardless of whether this action is heard in New York or in California.

    *Sixth*, where, as is the case here, the plaintiff is not a resident of the Southern District and the action is minimally connected with the district, the plaintiff's decision to bring this action in the Southern District is accorded a lesser degree of deference. *Amick v. Am. Exp. Travel Related Servs. Co.*, No. 09CIV9780AKH, 2010 WL 307579, at *2 (S.D.N.Y. Jan. 26, 2010).

    In summary, the totality of the claims in the Complaint and Counterclaim have only a tenuous connection with the Southern District of New York and the relevant factors favor transferring this case to the Central District of California.   Accordingly, IBD respectfully requests the Court's scheduling of a pre-motion conference to address this issue with the hope that extensive motion practice will not be necessary.  For the convenience of scheduling, I am available May 11, 12 and 13, but will be out of the state on May 14 and May 15. I am also available the following week on May 18 and May 19, but not the balance of the week, as I will be engaged in court-ordered depositions.

    Thank you for Your Honor's consideration.

                Respectfully,

                ADAM K. KURLAND

cc:    James D. Arden. Esq.
       Mark J. Skakun, Esq.
       Benjamin A. Nix, Esq.