

SIDLEY AUSTIN LLP          BEIJING        HONG KONG     SAN FRANCISCO
787 SEVENTH AVENUE         BOSTON         HOUSTON       SHANGHAI
NEW YORK, NY 10019         BRUSSELS       LONDON        SINGAPORE
(212) 839 5300             CHICAGO        LOS ANGELES   SYDNEY
(212) 839 5599 FAX         DALLAS         NEW YORK      TOKYO
                           GENEVA         PALO ALTO     WASHINGTON, D C


jarden@sidley.com
(212) 839 5889                            FOUNDED 1866


May 13, 2015


**VIA ECF AND E-MAIL**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

     Re:    **GOJO Industries, Inc. v. Innovative Biodefense, Inc., et al.,**
                 **Case No. 15-CV-2946  (PAC)**

Dear Judge Crotty:

    As you know, we represent Plaintiff GOJO Industries, Inc. ("Plaintiff" or "GOJO") in the above referenced matter.  The purpose of this letter is to respond to the letter to you dated May 8, 2015, from Adam K. Kurland, attorney for Defendant Innovative Biodefense, Inc. ("Defendant" or "IBD"), requesting a pre-motion conference on the issue of transfer of this action to the Central District of California.  As discussed below, the arguments advanced by IBD fall far short of meeting its burden to make a "clear and convincing" showing that transfer is proper. *Millennium L.P. v. Dakota Imaging, Inc.*, No. 03 Civ. 1838, 2003 WL 22940488, at *6 (S.D.N.Y. Dec. 15, 2003).

    GOJO initiated this action against IBD and Aquarius Global Energy Partners, LLC ("Aquarius") for false advertising and unfair competition in violation of the Lanham Act and New York business law.  As set forth in detail in the Complaint, GOJO discovered that agents of IBD and Aquarius were falsely representing to GOJO customers that IBD's competing hand sanitizer, Zylast®, was FDA-approved and provided a misleading document with the FDA's logo.  The limited discovery completed to this point shows that those false statements originated in New York and were targeted mainly at customers in New York.

    Shortly after the filing of this lawsuit, GOJO and Aquarius stipulated to a permanent injunction that prevented Aquarius from making further claims that Zylast® products were FDA approved and from using the FDA's logo in its advertising.  Aquarius has been voluntarily dismissed from this lawsuit without prejudice but is subject to continuing duties under the jurisdiction of this Court, such as issuing corrective notice and responding to GOJO's discovery requests.

The Honorable Paul A. Crotty
May 13, 2015
Page 2 of 3

GOJO and IBD have agreed to a stipulated preliminary injunction entered by this Court on April 29, 2015.  However, IBD continues to dispute that Aquarius was acting as its agent at the time the false statements were made.  Accordingly, the issues of agency and the false statements directed to New York customers are still contested issues in this lawsuit.

Besides overlooking the continuing importance of Aquarius and its principals as key witnesses here, IBD wholly ignores Aquarius with respect to the threshold requirement of a § 1404(a) motion: that the proposed transferee court is one where the action "might have been brought" when the action commenced.  Aquarius is a New York company based in New York, and its misconduct occurred in New York.  IBD does not even allege that personal jurisdiction would have existed in the Central District of California over Aquarius when this action commenced.

Apart from its threshold defects, IBD's entire argument rings hollow in light of one simple fact: IBD is already litigating another matter in this Court involving its Zylast® products.  That case, which was filed by IBD, is captioned as *Innovative Biodefense, Inc. v. VSP Technologies, Inc., et al*, Case No. 1:12-cv-03719-ER-KNF (the "VSP Litigation"), and has been pending and actively litigated in this Court for three years.  Obviously it has not been inconvenient for IBD to litigate in this forum on the VSP Litigation which, at least on IBD's part, involves many of the same witnesses and similar issues.  *See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F.Supp. 395, 402 n.3 (S.D.N.Y.2005) ("The Court does not consider defendant's claimed inconvenience as the inconvenience of defending a suit in the Southern District of New York 'cannot be overwhelming' when defendant previously appeared in actions in that district."); *Bristol-Myers Squibb Co. v. Andrx Pharms., LLC*, No. 03 Civ. 2503, 2003 WL 22888804, at *4 (S.D.N.Y., Dec. 4, 2003) ("The inconvenience to [defendant] caused by a suit in New York … cannot be overwhelming" when defendant previously appeared in actions here).

If the Court is inclined to examine the relevant factors for determining whether to transfer this case, it can be concluded that transfer is not appropriate.

First, it cannot be credibly argued that it is more convenient for the witnesses to litigate this matter in California.  Aquarius has identified nearly 60 individuals who received the false communication that Zylast® products were FDA approved.  Nearly all of those witnesses are in New York or New Jersey.  None are in California.  All of those individuals are potential witnesses in this case.[1]  Furthermore, while IBD's principal officers and witnesses, Colette Cozean and Jesse Cozean, apparently reside in California, the evidence will show that both actively travel around the country presenting on scientific issues like those in this case.  Moreover, it is apparently not inconvenient for them to appear in New York to litigate the VSP Litigation.  Other witnesses, including IBD board members and the co-author of one of the

---

[1] Likewise, GOJO's choice of forum is entitled to deference since there is "some material relation" to this District and "there is ongoing business activity" in this forum. *See Research Found. of New York v. Luminex Corp.*, No. 1:07-cv-1260, 2008 WL 4822276, at *8 (N.D.N.Y., Nov. 3, 2008); *Kiss My Face Corp. v. Bunting*, No. 02 Civ. 2645, 2003 WL 22244587, at *4 (S.D.N.Y., Sept. 30, 2003).

The Honorable Paul A. Crotty
May 13, 2015
Page 3 of 3

studies IBD relies upon to support its claims, also reside in New York or the New England area.[2]
Finally, as to the potential GOJO employee witnesses, it is much more convenient to travel from
Ohio to New York than to California. New York is also much more convenient for the GOJO
sales representative for the New York region who discovered the false advertising at issue.

As to the location of relevant documents, in this age of technology, most courts recognize
that documentary evidence is easily and inexpensively exchanged and reproduced between
parties throughout the country, regardless of where the original documents are located. *See Am.
S.S. Owners Mut. Prot. & Indem. Assn. v. Lafarge N. Am., Inc.*, 474 F.Supp.2d 474, 484
(S.D.N.Y.2007). The cost of production has, at best, become neutral in light of the availability
and relative ease of the electronic transfer of documents from one locale to another. *Id.*

As to the relative means of the parties,[3] IBD's attempt to categorize itself as a "small
competitor in the hand sanitizer business" is unavailing. IBD's own documents state that it
projects to earn $44 million in income by June 2015, and it had $100 million in bookings in
2014. Moreover, IBD has actively and aggressively litigated in this district in the VSP Litigation
for three years, engaging both California and New York counsel. There is certainly no "undue
hardship" for IBD to litigate in this Court.

The Court should also consider its familiarity with this action and issues of judicial
economy. This Court has already held hearings, entered injunctions, and issued a Case
Management Order. The schedule agreed to would be defeated by the delay occasioned by the
transfer to a new court.

Finally, IBD's reference to retaliatory and meritless counterclaims it plans to allege
should have no bearing on the Court's decision to transfer this case. Those claims are not yet
extant, and any reliance thereon as support for transfer is purely speculative.

In summary, the totality of the circumstances and the Court's familiarity with this action
weigh heavily against transfer across the country to IBD's home district. GOJO is certainly
willing to participate in a pre-motion conference to further explain its position. Of the dates
proposed by Mr. Kurland, we are available on May 18 or 19.

Respectfully submitted,

James Arden

James D. Arden

cc:    Mark J. Skakun, Esq.
       Adam K. Kurland, Esq.

---

[2] While IBD claims that some witnesses may be unwilling to travel from California to New York to testify, this can
be easily rectified through preservation of their testimony by videotape for use at trial.

[3] This is, in any event, a minor factor here. "Although courts can consider the relative means of parties, this factor is
not entitled to great weight where plaintiff and defendant are both corporations." *Toy Biz, Inc. v. Centuri Corp.*, 990
F.Supp. 328, 331 (S.D.N.Y.1998).