UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOJO INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> INNOVATIVE BIODEFENSE, INC., and AQUARIUS GLOBAL ENERGY PARTNERS, LLC, <br><br> Defendants. | Civil Action No. 15-cv-2946 (PAC) <br><br> ECF Case <br><br> **DECLARATION OF HILLERY ROYER IN SUPPORT OF DEFENDANT INNOVATIVE BIODEFENSE, INC.'S MOTION FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. 1404(a)** |

I, Hillery Royer, declare as follows under penalty of perjury:

1. I am competent to testify to the facts contained in this declaration and I have personal knowledge of all matters set forth herein and to authenticate the documents attached hereto or incorporated herein as exhibits. I make this declaration in support of Defendant Innovative BioDefense, Inc.'s ("IBD") Motion for Transfer of Venue.

2. I am the Owner and Chief Executive Officer of Practical Hospital Services, Inc. ("PHS").

3. PHS is a commercial distributor of infection control, disasters preparedness, biomed repair, and pharmaceutical products.

4. PHS is also an independent distributor of Zylast®, and has the largest sales of any independent distributor of Zylast®. PHS has knowledge regarding Defendant Innovative BioDefense, Inc.'s sales and marketing materials, as well as the sales and marketing materials of Gojo Industries, Inc.

5. PHS is a California corporation with its principal place of business in Dana Point, California in Orange County.

6. PHS is a private company, comprised of my partner, Stephanie Morrow, and me. PHS has no employees.

7. PHS is not incorporated in New York, nor has it qualified to do business in New York. PHS has no subsidiary incorporated or qualified to do business in New York. All of PHS' books and records are located in California.

8. If this matter proceeds in New York, it would impose a severe and undue burden on PHS, falling primarily on me and Ms. Morrow who is also located in Orange County, California. Given the small size of the company, the burden of appearing for trial in New York would significantly interfere with PHS' ability to conduct its business. It would also be unduly

burdensome and inconvenient for PHS to attend trial in New York given the expense of travel and the time outside of California where we conduct PHS' business.

9. Patton State Hospital in San Bernardino, California; Menifee Valley Medical Center in Menifee, California; Hemet Valley Medical Center in Hemet, California; and San Gorgonio Memorial Hospital in Banning, California are customers of PHS for infection control, disasters preparedness, biomed repair, and pharmaceutical products. Following the filing of this action, representatives from these hospitals have informed me that they will not travel thousands of miles to appear at trial in New York in this matter. I am also informed that these hospitals are locations where IBD conducted clinical testing which verified claims relating to reduction of infection by Zylast®.

10. The convenience of the witnesses would be served by transferring this action to the Central District of California.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 10 at Dana Point, California.

_____
Hillery Roger

4850-1134-9284.1

3