```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
GOJO INDUSTRIES, INC,                                       :
                                                            :
                        Plaintiff,                          :
                                                            :
        -against-                                           :      15 Civ. 2946 (PAC)
                                                            :
INNOVATIVE BIODEFENSE, INC., and                            :
AQUARIUS GLOBAL ENERGY                                      :      SUMMARY ORDER
PARTNERS LLC,                                               :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X
```

| | |
|---|---|
| | USDC SDNY |
| | DOCUMENT |
| | ELECTRONICALLY FILED |
| | DOC #: _____ |
| | DATE FILED: June 26, 2015 |

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff GOJO Industries brings this action against Defendants Innovative Biodefense, Inc. and Aquarius Global Energy Partners LLC, alleging, *inter alia*, unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and New York state law.

On May 8, 2015, Defendants requested a pre-motion conference regarding a change of venue to the Central District of California. The Court held a pre-motion conference on May 27, 2015 and indicated that based on the parties' letters the motion to transfer would be denied. On June 10, 2015, Defendants moved to transfer venue, pursuant to 28 U.S.C. § 1404(a), and the motion was fully briefed on June 24, 2015.

Defendants fail to provide clear and convincing evidence that Plaintiff could have initially brought the suit in California since the Central District of California lacked personal

1

jurisdiction over Aquarius.[1] *See* 28 U.S.C. § 1404(a). And even if the suit could have been brought in California, neither the convenience of the parties nor interests of justice weigh in favor of transferring the suit. As the Court articulated in the pre-motion conference, "Plaintiff's choice of forum is entitled to some respect and the wrongs that brought us here occurred in the Southern District of New York." Tr. 9:19–21.

Accordingly, Defendants' motion to transfer is DENIED. The Court will hold a conference addressing the parties' discovery dispute on July 9, 2015 at 11.30 a.m. in Courtroom 14-C.

Dated: New York, New York
      June 26, 2015

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[1] Aquarius is a New York corporation with its principal place of business in this District. Compl. ¶ 4. Aquarius's subsequent consent to litigate this suit in California does not alter the fact that at the time of the complaint it lacked sufficient connection to California. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).