```
                                           USDC SDNY
                                           DOCUMENT
                                           ELECTRONICALLY FILED
                                           DOC #: _____
UNITED STATES DISTRICT COURT               DATE FILED: 6-29-15
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - X
                                    :  No. 15-cv-2946 (PAC)
GOJO INDUSTRIES, INC.,              :
                                    :
              Plaintiff,            :
                                    :
       v.                           :
                                    :
INNOVATIVE BIODEFENSE, INC.; and    :
AQUARIUS GLOBAL ENERGY PARTNERS, LLC, :
                                    :
              Defendants.           :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - X
```

## STIPULATED PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, it is therefore hereby

ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" ("Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2. The party or person producing any given Confidential Discovery Material may designate

1

as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" only the portion of such Confidential Discovery Material that it and its attorney reasonably and in good faith believe consists of:

    a.    previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    b.    previously non-disclosed material relating to ownership or control of any non-public company;

    c.    previously non-disclosed business plans or marketing plans;

    d.    trade secrets or other previously non-disclosed proprietary business information that is not publicly available, including confidential commercial information under subsections (a) through (c) of 21 CFR 20.61;

    e.    any information of a personal or intimate nature regarding any individual; or

    f.    any other category of information this Court subsequently affords confidential status.

Public records and other information or documents that are publicly available may not be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

3.    With respect to the confidential portion of any Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or

""Highly Confidential – Attorneys' Eyes Only" either on the record during the deposition or within five (5) days of receipt of the transcript.

4. At any time prior to the trial of this action, any Confidential Discovery Material inadvertently produced without limitation may be designated by the producing person as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by informing all parties in writing that the Confidential Discovery Materials should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Confidential Discovery Material designated as "Confidential" by the producing person to any other person, except:

    a. the receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

    b. the officers, directors, in-house legal counsel, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation;

    c. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel of the receiving party provided disclosure is reasonably necessary for this litigation;

    d. the court and its personnel;

    e. court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    f. witnesses in the action to whom disclosure is reasonably necessary for this litigation (pages of transcribed deposition testimony or exhibits to depositions that reveal protected material must be separately bound by the court reporter and may not be

disclosed to anyone except as permitted under this Stipulation and Order);

    g.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6.    No person subject to this Order other than the producing person shall disclose any of the Confidential Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" by the producing person to any other person, except:

    a.    the receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

    b.    any person retained to serve as an expert witness or otherwise provide specialized advice to counsel of the receiving party provided disclosure is reasonably necessary for this litigation;

    c.    the court and its personnel;

    d.    court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

    e.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(c), 5(e), 5(f), 6(b), or 6(d) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

8.    Absent written consent from the producing party, any individual who receives access to "Highly Confidential – Attorneys' Eyes Only" information shall not be involved in the prosecution of patents or patent applications relating to antiseptics, antiseptic lotions, hand soaps,

4

and surgical scrubs, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[1] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This prosecution bar shall begin when access to "Highly Confidential – Attorneys' Eyes Only" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.   All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website). The parties will use their reasonable best efforts to minimize the filing of Confidential Discovery Materials under seal.

10.   Any party may challenge a designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation by electing not to mount a challenge promptly after the original designation is disclosed.

---

[1] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

    a.    The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice.

    b.    If the parties cannot resolve a challenge without court intervention, the challenging party may file a letter requesting a pre-motion conference with the Court for purposes of challenging a confidentiality designation, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a certification that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

    c.    The burden of persuasion in any such challenge proceeding shall be on the designating party.

    d.    All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

11. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any

claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. Nothing in this Order will prevent any party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving notice, the producing party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

15. This Order shall survive the termination of the litigation. Within sixty (60) days of the final disposition of this action, all Confidential Discovery Material, including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

16. The Court does not retain jurisdiction over orders such as this after the litigation is concluded.

17. This Stipulation and Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulation and Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

18. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

19. By stipulating to the entry of this Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

SO STIPULATED AND AGREED:

_____
JAMES D. ARDEN
SONIA MARQUEZ
Counsel for GOJO Industries, Inc.
Dated: June 26, 2015

_____
ADAM K. KURLAND
Counsel for Innovative Biodefense, Inc.
Dated: June 26, 2015

SO ORDERED.

Dated:   New York, New York
         June 29, 2015

_____
HON. PAUL A. CROTTY
U.S. DISTRICT COURT JUDGE

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GOJO INDUSTRIES, INC.,

        Plaintiff,

    v.

INNOVATIVE BIODEFENSE, INC.; and
AQUARIUS GLOBAL ENERGY PARTNERS, LLC,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 15-cv-2946 (PAC)

**NON-DISCLOSURE AGREEMENT**

    I, _____, acknowledge that I have read and understand the Stipulated Protective Order in this action (the "Order"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated:_____        _____

                              Print Name_____