UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                              :

GOJO INDUSTRIES, INC.,              :

           *Plaintiff*,         :    15 Civ. 2946 (PAC)

  *-against-*                  :

INNOVATIVE BIODEFENSE, INC.,  :    **OPINION & ORDER**

           *Defendant*.      :

-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 12, 2015

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Innovative Biodefense, Inc. ("IBD") moves to preliminarily enjoin Plaintiff GOJO Industries, Inc. ("GOJO") and various nonparty distributors that sell GOJO products from making allegedly improper representations that GOJO products are FDA approved and from using government agency logos in an online video. The motion is DENIED.

## BACKGROUND

Plaintiff brings Lanham Act claims, alleging that Defendant engaged in false advertising and deceptive business practices by representing that Defendant's Zylast hand sanitizing products are "FDA approved" and by deceptively using the FDA logo in their advertising. Plaintiff also alleges that Defendant made false and misleading representations about Plaintiff's Purell hand sanitizing products. On April 30, 2015, the parties stipulated to and the Court approved a Stipulation and Order preliminarily enjoining IBD and its authorized agent from representing that Zylast products are FDA approved and from using the FDA logo in advertisements. Dkt. 32.

On September 29, 2015, Defendant filed a letter seeking to preliminarily enjoin Plaintiff (i) from making "FDA approved" representations in the sale of GOJO products and (ii) from using CDC, World Health Organization, and Health Canada logos in an educational handwashing video on the Purell website.  Dkt. 83.

Regarding the "FDA approved" representations, Defendant submitted printouts of websites that appear to sell GOJO products and use the "FDA approved" language.  Dkt. 83 Ex. C.  The websites belong to nonparty distributors Touchfree Concepts, Hubert, RFV Sales Inc., JanitorialSupplies4Less.com, and an unnamed distributor based in Nigeria.  *Id.*  In subsequent briefing, filed on November 4, 2015, Defendant included screenshots of websites belonging to additional nonparty distributors Wesco, Hantover, Conney, Hippo Industries, and American Paper that also appear to sell GOJO products and use the "FDA approved" language.  Dkt. 90 Ex. A, E.  Defendant also submitted a screenshot of the Facebook page of Harbinger National, a nonparty independent sales representative, which includes posts from May 2014 stating that Purell hand sanitizer "Kills the most germs."  Dkt. 90 Ex. E.  Finally, Defendant submitted a March 2014 email chain between GOJO's National Account Director and a Hantover Marketing Coordinator in which the GOJO employee provides instructions on the correct names for GOJO products and provides current product images.  Dkt. 90 Ex. G.  Defendant asserts that a preliminary injunction is necessary because these various entities are Plaintiff's "distributors or agents" and that Plaintiff has made no effort to stop them from making improper representations. Dkt. 90 at 2.  Regarding the logos in the educational video, Defendant submitted a screenshot from the video that includes the allegedly improper CDC, World Health Organization, and Health Canada logos.  Dkt. 83 Ex. C, D.

Plaintiff argues that a preliminary injunction is improper because the nonparty

distributors are not GOJO's agents or under GOJO's control and it has removed the logos from the educational video on the Purell website. Dkt. 92. The Court held a hearing on November 9, 2015, at which Defendant did not introduce any additional evidence.

## **DISCUSSION**

Whether to grant or deny a preliminary injunction lies within the sound discretion of the district court. *S.C. Johnson & Son, Inc. v. Clorox Co.,* 241 F.3d 232, 237 (2d Cir. 2001). An injunction binds the parties and their "officers, agents, servants, employees, and attorneys." Fed. R. Civ. P. 65(d)(2). "In order for a nonparty to be bound, that entity must either aid and abet the defendant or be legally identified with it." *Paramount Pictures Corp. v. Carol Pub. Group, Inc.*, 25 F. Supp. 2d 372, 374 (S.D.N.Y. 1998).

The Court has reviewed and considered the exhibits which Defendant has offered and were received in evidence, as well as the arguments of both parties. Defendant argues that a preliminary injunction can bind the various nonparty distributors because they are GOJO's agents. But Defendant has not introduced any evidence of an agency relationship with any of the distributors. "'Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'" *Merill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 130 (2d Cir. 2003) (quoting Restatement (Second) of Agency § 1 (1958)). Defendant has introduced no evidence suggesting GOJO's control over the distributors; the mere fact that the distributors sell GOJO products is inadequate to establish an agency relationship. *See Paramount*, 25 F. Supp. 2d at 375 (refusing to extend a preliminary injunction to nonparty distributors merely because they sold defendant publisher's book). The March 2014 email chain, in which a GOJO employee provides basic information about product names and images, does

not provide adequate evidence of GOJO's control even over Hantover, let alone the other distributors.  Since Defendant has failed to demonstrate that any of the nonparty distributors can be lawfully enjoined, the motion for a preliminary injunction regarding "FDA approved" representations is denied.[1]

The Court also denies the motion for a preliminary injunction regarding the logos in the educational video.  An injunction is unnecessary based on Plaintiff's representations in its briefing and at oral argument that it no longer includes the logos in the educational video.  Indeed, a recent visit to the Purell website confirms that the video has been removed entirely.  *See* "How is Purell® Instant Hand Sanitizer Used?", www.purell.com/faq (last visited November 11, 2015 10:00 am).

## CONCLUSION

Defendant's motion for a preliminary injunction is DENIED.

Dated: New York, New York  
       November 12, 2015

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

---

[1] Defendant also argues that a preliminary injunction binding GOJO's distributors is proper as a matter of equity since, pursuant to the mutually consented to Stipulation and Order, IBD agreed to enjoin its distributor Aquarius Global Energy Partners, LLC ("Aquarius").  The Court disagrees; it is inapposite to compare Aquarius to the distributors that IBD seeks to enjoin.  When the Stipulation and Order was approved by the Court, Defendant represented that Aquarius acted as IBD's authorized agent, so there was no disputed question of fact as to whether there was an agency relationship between them.  *See* Transcript of April 24, 2015 Hearing, Dkt. 40, at 7.  Here, on the other hand, Plaintiff asserts that the various distributors are not its authorized agents, and IBD has not made any showing to the contrary.