

4 Park Plaza, Suite 1100
Irvine, CA 92614
T 949. 851.1100
F 949. 851.1212

Benjamin A. Nix
(949) 797-1249
ban@paynefears.com

File No.: 4863.002

December 9, 2015

<u>**VIA ECF AND U.S. MAIL**</u>

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re:   *Gojo Industries, Inc. v. Innovative Biodefense, Inc.* – Case No. 15-cv-2946 (PAC)

Dear Judge Crotty:

    Pursuant to Rule 3 of the Court's Individual Rules of Practice, Defendant/Counter-Claimant Innovative Biodefense, Inc. ("IBD") respectfully requests that the Court schedule a pre-motion teleconference regarding Plaintiff/Counter-Defendant GOJO Industries, Inc.'s ("GOJO") ongoing failure to produce documents in response to IBD's first set of requests for production.  This letter is a follow up to the discussion the parties had with the Court at the hearings on October 8 and November 9 regarding this same discovery issue.  Despite IBD's extensive meet and confer efforts after the last hearing, there are still a number of deficiencies in GOJO's responses and production of documents identified more fully below.  IBD requests a pre-motion teleconference with the Court at the Court's earliest convenience as the documents which have yet to be produced by GOJO are needed for the GOJO depositions scheduled for early January, 2016.

    **A.**    **GOJO's Improper Refusals to Produce Attachments to Emails or Other Documents Referenced in Emails Already Produced by GOJO**

    GOJO has improperly refused to produce certain attachments to e-mails produced by GOJO, as well as other documents referred to emails produced by GOJO.

    The first documents which GOJO refused to produced are titled "Zylast Matrix.docx" and "Zylast Matrix v. 2 17Dec.14.docx."  The documents were clearly attached to e-mails exchanged between James Arbogast, Vice President of Hygiene Sciences at GOJO, and Chris Havanas, Regulatory Affairs Senior Specialist of GOJO.  (*See*, GOJO Bates Nos. GOJO000960-000961).  However, while GOJO produced the emails, it refused to produce the attachments claiming that the attachments are somehow privileged.

    However, nothing in the e-mail seeks legal advice from a professional legal adviser, nor is there any suggestion that the purpose of the communication is to seek legal



Hon. Paul A. Crotty
December 9, 2015
Page 2

counsel. *Exxon Mobil Corp. v. Hill*, 751 F.3d 379, 382 (5th Cir. 2014). Moreover, GOJO cannot now claim a selective privilege just to an attachment to an e-mail after it produced the e-mail communication. *See Gruss v. Zwirn*, No. 09 CIV. 6441 PGG MHD, 2013 WL 3481350, at *12 (S.D.N.Y. July 10, 2013) ("general rule is that a one-time voluntary disclosure of privileged documents to an adverse party is sufficient to destroy both the attorney-client privilege and work product protection") citing *In re Steinhardt Partners*, L.P., 9 F.3d 230, 235 (2d Cir. 1993).

The substance of the e-mail communication also refutes GOJO's claims that the attached documents withheld from production are work product that was prepared in anticipation of litigation. Indeed, it is clear from the email-communication that GOJO was simply gathering information about a competitor's (IBD's) product. Based on other documents produced by GOJO (including a collection of "warning letters" issued by the FDA against a variety of competitor hand sanitizer companies), this is a common practice for GOJO and is not protectable as work product. *See United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998); *Martin v. Valley Nat. Bank of Arizona*, 140 F.R.D. 291, 304 (S.D.N.Y. 1991) (investigative reports prepared in business routine not work product). Moreover, GOJO has provided no evidence to suggest that, based on an objectively reasonable belief at the time, these items were created for litigation or that litigation was a real possibility. Simply put, GOJO cannot pick and choose what it wants to produce under unsupported claims of privilege and work product. GOJO should be required to produce the documents.

The next document which GOJO improperly refused to produce is a document titled "Zylast draft test plan" which was attached to an e-mail from David Macinga, Research Fellow at GOJO, to Joey Suntken, Marketing Director at GOJO. (*See*, GOJO Bates No. GOJO006108). The document appears to be a communication among clinical science and business development personnel at GOJO regarding the types of testing that GOJO would perform on IBD's products. GOJO again attempts to claim the attachment to the e-mail is privileged. However, for the reasons stated above, GOJO cannot withhold the attachment to an email previously produced as there is no legitimacy to its claims of privilege and work product.

Another document which GOJO improperly refused to produce is a document titled "Testing Results" which was referenced in an e-mail from David Macinga, Research Fellow at GOJO, to Joey Suntken, Marketing Director at GOJO. (*See*, GOJO Bates No. GOJO005344). This communication between clinical science and business development personnel at GOJO refers to testing that GOJO conducted on IBD's products in early 2014. Remarkably, GOJO claims that the document somehow can be withheld under a claim of privilege. However, as noted above, GOJO regularly gathers information about competitor's products. GOJO cannot refuse to produce the documents under an unsupported claim of privilege and/or work product.

Hon. Paul A. Crotty
December 9, 2015
Page 3

### B. GOJO Also Has Failed to Produce Documents In Response to A Number of Other Document Requests

In addition to the specific items referenced above, GOJO has failed to produce documents in response to a number of document categories that are responsive to IBD's production request. At the November 9 hearing, GOJO represented that additional documents were being produced which should alleviate IBD's concerns about GOJO's production. While GOJO did produce some documents after the November 9 hearing, a significant number of categories of requests remain outstanding and still has not produced the responsive documents. An appendix which identifies the requests that are still at issue (including GOJO's objections to each category) is attached hereto as Exhibit "A."

In a final attempt to avoid a pre-hearing conference, IBD sent a further meet and confer letter to GOJO on December 2, which requested GOJO's agreement to produce the documents and also informed GOJO that IBD would have no choice but to address GOJO's failure with the Court if it did not respond by December 7. To date, GOJO has failed to respond to IBD's meet and confer efforts, and has informed IBD that a response, if any, will not be provided until early the week of December 14. With additional third party depositions scheduled to take place that same week, IBD informed GOJO that it would need to address this matter with the Court to avoid any further prejudice to IBD.

In addition to the foregoing, despite meet and confer efforts, IBD also has yet to receive all responsive documents from the FDA pursuant to a subpoena IBD issued to the FDA for documents relevant to this action. Moreover, IBD has received documents from only a few of the other third parties which have received subpoenas for records from IBD. Therefore, motions to compel compliance with those subpoenas may be necessary.

IBD is making every effort to maintain the current schedule that is in place for the depositions of GOJO's witnesses in early January, 2016. Because IBD must obtain the documents in advance of the GOJO depositions, IBD respectfully requests the Court's scheduling of a pre-motion conference to address these issues as soon as possible. For the convenience of scheduling a pre-hearing conference, we are currently available on December 14 (after 11:00 a.m.), 16 (after 10:00 a.m.), 17 (after 1:00 p.m.), and 18. Thank you for Your Honor's consideration.

|  |  |
|---|---|
| Sincerely, | Sincerely, |
| / s / Benjamin A. Nix | / s / Adam K. Kurland |
| Benjamin A. Nix | Adam K. Kurland |
| PAYNE & FEARS LLP | FENSTER & KURLAND |

Enclosure

Hon. Paul A. Crotty
December 9, 2015
Page 4

cc: Mark J. Skakun, Esq. (via ECF)
James D. Arden, Esq. (via ECF)

4828-8172-5483.1

EXHIBIT "A"

| Request No. | GOJO's Objections | Reason Further Production Should be Compelled |
|---|---|---|
| **Request No. 10.** All of YOUR COMMUNICATIONS with any of YOUR employees, sales representatives, distributors, group purchasing organizations, customers or potential customers RELATING TO IBD or any of IBD's products. | • Attorney work-product doctrine and/or attorney-client privilege.<br>• Unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control from December 1, 2014 to the present. | This request seeks all communications with GOJO's employees, sales representatives, distributors, group purchasing organizations, customers, or potential customers relating to IBD or IBD's products. IBD pointed out that GOJO's response improperly limits the request to documents from December 1, 2014 to the present. In response, GOJO agreed to search its records for any additional documents from January 1, 2012 to the present. We requested that GOJO produce all responsive documents from January 1, 2012 the present, including any that were not located in the original search for responsive documents. However, the supplemental production that GOJO provided on November 16 did not include responsive documents. |
| **Request No. 11.** All of YOUR COMMUNICATIONS with any of IBD's customers RELATING TO IBD or any of IBD's products.<br>**Request No. 25.** All DOCUMENTS provided by YOU to any customers of IBD which reference IBD or any of IBD's products. | • Vague and ambiguous.<br>• GOJO claims that it does not know who IBD considers to be its customers and, therefore, cannot respond to this request without additional information. | These requests seek communications with any of IBD's customers relating to IBD or any of IBD's products, as well documents provided to IBD's customers about IBD or its products. GOJO continues to claim in its response it does not know who IBD's customers are and therefore cannot provide a response.<br>As pointed out in IBD's October 14 letter, GOJO's production of documents |

1

| | | | |
|---|---|---|---|
| | | | demonstrates that GOJO has internal communications identifying IBD's customers (e.g., various hospitals). Moreover, Jeffrey Kurtzer, GOJO's representative, specifically has targeted IBD's customers with false and misleading statements and undoubtedly knows the identity of IBD's customers he has communicated with.  GOJO also has alleged in this case that IBD has obtained customers which would otherwise have remained GOJO's customers but for IBD's alleged wrongdoing.  In light of these facts, GOJO's claim that it does not know the identity of any IBD's customers is false. |
| **Request No. 12.**  All DOCUMENTS RELATING TO all of YOUR statements RELATING TO the efficacy of IBD's products. | | <ul><li>Overbroad and unduly burdensome.</li><li>Vague and ambiguous, specifically as to the terms "statements" and "efficacy."</li><li>GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control from December 1, 2014 to the present.</li></ul> | This request seeks all documents relating to all of GOJO's statements relating to the efficacy of IBD's products.  GOJO originally limited its response to documents created after December 1, 2014.  In response to IBD's prior letter, GOJO agreed to search for documents back to January 1, 2012.  However, the supplemental production that GOJO provided on November 16 did not include responsive documents. |
| **Request No. 13.**  All DOCUMENTS RELATING TO all of YOUR statements RELATING TO the safety of IBD's products. | | <ul><li>Overbroad and unduly burdensome.</li><li>Vague and ambiguous, specifically as to the terms "statements" and "safety."</li><li>GOJO agreed to produce non-</li></ul> | This request seeks all documents relating to all of GOJO's statements relating to the safety of IBD's products.  GOJO originally limited its response to |

2

EXHIBIT "A"

| | | | |
|---|---|---|---|
| | privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control from December 1, 2014 to the present. | | documents created after December 1, 2014.  In response to IBD's letter, GOJO agreed to search for documents back to January 1, 2012.  However, the supplemental production that GOJO provided on November 16 did not include responsive documents. |
| **Request No. 18.**  All DOCUMENTS reflecting any of YOUR representations regarding the positions or opinions of the CDC, WHO or Health Canada, with respect to the efficacy of alcohol-based hand sanitizers. | • Seeks documents not reasonably calculated to lead to the discovery of admissible evidence.<br>• Overbroad as it is not reasonably limited in time.<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | | This request seeks all documents reflecting any of GOJO's representations regarding the positions or opinions of the CDC, WHO, or Health Canada with respect to the efficacy of alcohol-based hand sanitizers.  GOJO claims that it produced responsive documents.  However, GOJO does not state whether it has searched for and produced all responsive documents. |
| **Request No. 19.**  All DOCUMENTS provided by YOU to any customers or prospective customers which bear the logo of the FDA, the CDC, the WHO, or Health Canada. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Overbroad as it is not reasonably limited in time.<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | | This request seeks all documents GOJO provided to any customers or prospective customers which bear the logo of the FDA, CDC, WHO, or Health Canada.  GOJO claims that is has produced all responsive documents.  However, IBD does not believe GOJO has thoroughly searched for all such records. |

3

EXHIBIT "A"

| | | |
|---|---|---|
| **Request No. 20.** All DOCUMENTS sufficient to show YOUR employees who approved the hand sanitizer content of any of YOUR websites. | • Overbroad as it is not reasonably limited in time or content.<br>• Unduly burdensome.<br>• Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment. | This request seeks documents which identify the GOJO employees who approved the hand sanitizer content on the GOJO website. GOJO's letter states that GOJO has had the website for over 20 years and ask that IBD limit the time frame for the request, as well as narrow the scope of the request. IBD agreed to limit the time frame for responsive documents from January 1, 2012 to the present. In addition, IBD agreed to limit the scope of responsive documents to the statements and/or claims on GOJO website referred to in IBD's counter-claim against GOJO. No further documents were produced. |
| **Requests No. 23.** All DOCUMENTS provided by YOU to any customers or prospective customers which reference IBD or any of IBD's products.<br><br>**Requests No. 24.** All DOCUMENTS provided by YOU to any of YOUR sales representatives which reference IBD or any of IBD's products. | • GOJO agreed to produce non-privileged documents responsive to these requests, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control from December 1, 2014 to the present. | These requests seek documents provided by GOJO to customers or prospective customers which refer to IBD or IBD's products, as well as to GOJO's sales representatives. GOJO initially limited the responsive documents to those created December 1, 2014 to the present, but now, based on GOJO's letter, agreed to expand it search back to January 1, 2012. IBD requested that GOJO produce all responsive documents. However, the supplemental production that GOJO provided on November 16 did not include responsive documents. |
| **Request No. 27.** All DOCUMENTS | • Seeks information not reasonably | This request seeks documents relating to |

4

| | | |
|---|---|---|
| RELATING TO the distribution of the letter from YOUR Sales and Marketing Vice President, Dave Mackay, dated April 20, 2015, entitled "Zylast® - Non-Compliant Product Claims." | calculated to lead to the discovery of admissible evidence.<br>• Vague and ambiguous.<br>• Lacks sufficient foundation as it assumes facts not in evidence.<br>• Overly broad.<br>• Seeks information potentially subject to the attorney-client privilege and/or work-product doctrine.<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | the distribution of GOJO's April 20, 2015 letter regarding Zylast. In GOJO's letter, it stated that GOJO has produced all responsive documents. IBD does not believe GOJO has thoroughly searched for all such records. |
| **Request No. 28.** All DOCUMENTS concerning data, research, publications, and bibliographies of any and all reference or source of information utilized in making the representations in the letter from YOUR Sales and Marketing Vice President, Dave Mackay, dated April 20, 2015, entitled "Zylast® - Non-Compliant Product Claims." | • Seeks information not reasonably calculated to lead to the discovery of admissible evidence.<br>• Vague and ambiguous.<br>• Lacks sufficient foundation as it assumes facts not in evidence.<br>• Overly broad.<br>• Seeks information potentially subject to the attorney-client privilege and/or work-product doctrine.<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | This request is related to Request No. 27. It seeks all documents concerning data, research, publications and bibliographies of any reference or source material GOJO used in making the representations in the April 20, 2015 letter referred to above. In GOJO's letter, it stated that GOJO it has produced all responsive documents. Again, IBD does not believe GOJO has thoroughly searched for all such records. |

EXHIBIT "A"

| | | |
|---|---|---|
| **Request No. 34.** All DOCUMENTS RELATING TO the definition of "residual kill" and "persistence" by YOU, the FDA or DEFENDANT. | • Overbroad and unduly burdensome as it is not reasonably limited in time.<br>• Vague and ambiguous as to the terms "residual kill" and "persistence."<br>• Ambiguous as to the precise documents sought since GOJO and IBD do not define "residual kill" or "persistence."<br>• FDA documents that mention "residual kill" and/or "persistence," are publicly available and readily accessible. | This request seeks documents relating to the definition of "residual kill" and "persistence" by GOJO, the FDA, or IBD. GOJO claims that it can respond to this request simply by producing a copy of the FDA's TFM. However, IBD is entitled to receive documents in GOJO's possession, custody or control that define "residual kill" and "persistence." This includes GOJO's own documents. |
| **Request No. 35.** All DOCUMENTS RELATING TO YOUR marketing or advertising of YOUR alcohol-based hand sanitizer products RELATING TO the viral efficacy of those products. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Overbroad and unduly burdensome as it is not reasonably limited in time.<br>• Vague and ambiguous as to the term "viral efficacy."<br>• GOJO claims that the FDA does not permit viral kill claims for hand sanitizer products in U.S. markets, thus GOJO has no documents responsive to this request. | This request seeks documents relating to GOJO's marketing and advertising of GOJO's alcohol based hand sanitizer products relating to "the viral efficacy of those products." In response, GOJO claims to not understand the term "viral efficacy" even though GOJO has used the term repeatedly in this case. More importantly, GOJO then states that the FDA does not allow persons to make "viral kill claims for hand sanitizer products" and, thus, GOJO has no responsive documents. But GOJO improperly restated the request to seek documents regarding "viral kill claims" when the request clearly sought documents regarding "viral efficacy." GOJO undoubtedly has documents regarding "viral efficacy," as evidence by |

6

EXHIBIT "A"

| | | statements made on its own website. |
|---|---|---|
| **Request No. 38.** All DOCUMENTS RELATING TO the study *Rupp M. et al, Prospective, Controlled, Cross-Over Trial of Alcohol-Based Hand Gel in Critical Care Units*, Infection Control and Hospital Epidemiology; 29:1 (2008), in which YOU provided a product with dual active ingredients to be used in a clinical trial. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Lacks foundation as it assumes facts not in evidence.<br>• Vague and ambiguous as to the term "dual active ingredients."<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | This request seeks all documents relating to the Rupp study (described more fully therein) in which GOJO provided a product with dual active ingredients to be used in a clinical trial. GOJO objected to the request on the grounds that the terms "dual active ingredients" are vague. IBD pointed out that the objection is without basis given GOJO's repeated references to that term in the litigation against IBD. GOJO also claims in its response that, subject to the objection, it will provide responsive documents. However, IBD has reviewed the recent production by GOJO and found no responsive documents. |
| **Request No. 40.** All DOCUMENTS RELATING TO YOUR use of triclosan as an active ingredient in hand sanitizers. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Overbroad and unduly burdensome as it is not reasonably limited in time.<br>• Lacks foundation as it assumes facts not in evidence.<br>• Vague and ambiguous as to the terms "use" and "active ingredient." | This request seeks all documents relating to GOJO's use of triclosan as an active ingredient in hand sanitizers. GOJO's response contains only objections. Again, GOJO's use of triclosan in its products is relevant to IBD's counterclaims. |
| **Request No. 41.** YOUR advertising and marketing materials for YOUR alcohol-based hand sanitizers and quat-based hand sanitizers that present time-kill data. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment. | This request seeks GOJO's advertising and marketing materials for GOJO's alcohol-based hand sanitizers and quat-based hand sanitizers that present time-kill |

7

| | | |
|---|---|---|
| | • Overbroad and unduly burdensome as it is not reasonably limited in time.<br>• Vague and ambiguous as to the terms "quat-based hand sanitizers" and "time-kill data." | data. GOJO insists that the terms "quat-based hand sanitizers" and "time-kill data" are allegedly ambiguous. The terms are virtually identical to terms GOJO has used in this litigation. Also, the request is not overbroad as it seeks documents directly relevant to GOJO's claims and IBD's counterclaims. GOJO must withdraw its objections and produce all responsive documents. |
| **Request No. 46.** All of YOUR internal COMMUNICATIONS regarding YOUR hand sanitizer testing protocols (clinical, laboratory, field or marketing). | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Overbroad and unduly burdensome as it is not reasonably limited in time.<br>• Potentially seeks information protected by the attorney-client privilege and/or work-product doctrine.<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | This request seeks internal communications regarding GOJO's hand sanitizer testing protocols (clinical, laboratory, field or marketing). GOJO's stated concern as to overbreadth is baseless as the communications to be produced are limited to the products at issue in IBD's counterclaim. GOJO should produce the responsive documents. |
| **Request No. 50.** All DOCUMENTS RELATING TO all of YOUR donations to the Association for Professionals in Infection Control over the last five (5) years. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Lacks foundation as it assumes facts | This request seeks all documents relating to the donations by GOJO to the Association for Professionals in Infection Control over the last five (5) years. GOJO claims that it would search for responsive |

8

EXHIBIT "A"

| | | |
|---|---|---|
| | not in evidence. | documents, but IBD has reviewed the production and all responsive documents have not been produced. |
| **Request No. 47.** All DOCUMENTS RELATING TO financial incentives or remuneration provided to the authors of the study *Fendler et al, The Impact Of Alcohol Hand Sanitizer Use On Infection Rates In An Extended Care Facility*, Am. J. Infect. Control, 30:4, 226-233 (2002).<br><br>**Request No. 51.** All DOCUMENTS RELATING TO financial incentives or remuneration provided to the authors of the study *Hilburn, Hammond, Fendler, and P. A. Groziak, Use Of Alcohol Hand Sanitizer As An Infection Control Strategy In An Acute Care Facility*, Am. J. Infect. Control, 31**:**109-116 (2003).<br><br>**Request No. 52.** All DOCUMENTS RELATING TO financial incentives or remuneration provided to the authors of the study *Rupp M. et al*, *Prospective, Controlled, Cross-Over Trial of Alcohol-Based Hand Gel in Critical Care Units*, Infection Control & Hospital Epidemiology; 29:1 (2008).<br><br>**Request No. 53.** All DOCUMENTS | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Lacks foundation as it assumes facts not in evidence.<br>• GOJO claims that it has no responsive documents currently in its possession in response to these requests. | These requests seek documents relating to the financial incentives or remuneration provided to the authors of the Hilburn study, the Rupp study, the Fendler study, and the Ali study. GOJO claims in its response to have no responsive documents. IBD strongly believes that GOJO does have responsive documents. |

| | | |
|---|---|---|
| RELATING TO financial incentives or remuneration provided to the authors of the study, *Fendler, Hammond, et al., Effect Of Hand Sanitizer Use On Elementary School Absenteeism*, Am. J. Infect. Control 28:340–346 (2000).<br><br>**Request No. 54.** All DOCUMENTS RELATING TO financial incentives or remuneration provided to the authors of the study *Ali, Guinan, McGuckin, The Effect Of A Comprehensive Handwashing Program On Absenteeism In Elementary Schools*, Am. J. Infect. Control, 30:217–220 (2002). | | |
| **Request No. 55.** All DOCUMENTS RELATING TO financial incentives, discounts, donated product, meals, entertainments or trips used to incentivize customers to buy YOUR hand sanitizer products. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Lacks foundation as it assumes facts not in evidence. | This request seeks documents relating to financial incentives, discounts, donated product, meals, entertainment or trips used to incentivize customers to buy GOJO products. GOJO refuses to produce any documents in response to the request. However, the documents are relevant to IBD's counterclaims and must be produced. |
| **Request No. 56.** All DOCUMENTS reflecting any representations by YOU that YOUR hand sanitizer products reduce infection rates in healthcare.<br><br>**Request No. 57.** All DOCUMENTS | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Overbroad and unduly burdensome as it is not reasonably limited in time. | These requests seek representations by GOJO that GOJO's hand sanitizer products reduce infection rates in healthcare, including but not limited to representations to customers and potential customers. GOJO claims that it has produced responsive documents. IBD has |

10

EXHIBIT "A"

| | | |
|---|---|---|
| provided by you to any customers or prospective customers which represent that any of YOUR hand sanitizer products reduces infection rates in healthcare. | • GOJO agreed to produce non-privileged documents responsive to these requests, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | reviewed the production and all responsive documents have not been produced. |
| **Request No. 58.** All DOCUMENTS RELATING TO the typical in-use volumes of product dispensed by YOUR dispensers of alcohol-based hand sanitizers.<br><br>**Request No. 59.** All studies YOU commissioned RELATING TO the efficacy of YOUR alcohol-based hand sanitizers at typical in-use volumes of product dispensed by YOUR dispensers. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Overbroad and unduly burdensome as it is not reasonably limited in time.<br>• Vague and ambiguous as to the term "typical in-use volumes," "commissioned," and "efficacy."<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | These requests seek documents relating to the typical in-use volumes of product dispensed by GOJO's dispensers, as well as studies GOJO has commissioned relating to the efficacy of the hand sanitizers at those in-use volumes. GOJO claims that it has produced responsive documents. IBD has reviewed the production and all responsive documents have not been produced. |
| **Request No. 60.** All DOCUMENTS RELATING TO specifications and testing of all of YOUR hand sanitizer dispensers. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Overbroad and unduly burdensome as it is not reasonably limited in time. | This request seeks all documents relating to specification and testing of GOJO's hand sanitizer dispensers. GOJO objects and refused to produce any documents. IBD agreed to limit the request to testing of the appropriate volumes of product dispensed by the hand sanitizer and the changes GOJO made to those dispensers |

11

|  |  | to increase the volume. |
|---|---|---|
| **Request No. 61.** All DOCUMENTS relating to YOUR COMMUNICATIONS to healthcare workers regarding the volume of alcohol-based hand sanitizer dispensed by YOUR dispensers. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Overbroad and unduly burdensome as it is not reasonably limited in time.<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | This request seeks all documents relating to communications to healthcare workers regarding the volume of hand sanitizer dispensed by GOJO's hand sanitizer dispensers. GOJO states that it has produced responsive documents. Again, IBD has reviewed the production and all responsive documents have not been produced. |
| **Request No. 62.** All DOCUMENTS RELATING TO changes in volume of alcohol-based hand sanitizer dispensed by YOUR dispensers. | • Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.<br>• Harassment.<br>• Overbroad and unduly burdensome as it is not reasonably limited in time.<br>• GOJO claims that it has no responsive documents. | This request seeks all documents relating to changes in volume of alcohol-based hand sanitizer dispensed by GOJO's dispensers. In response, GOJO claims it has no responsive documents. IBD is aware that a study showed that GOJO's dispensers were not dispensing enough products for the Purell product to be effective and, as a result, GOJO had to change the volume dispensed by GOJO's dispensers. Documents regarding this study and GOJO's decision to change the dispensers undoubtedly exist, and documents must be produced. |
| **Request No. 63.** All of YOUR healthcare personnel handwash testing data RELATING TO YOUR alcohol-based | As to Request Nos. 63, 64, 66, 67, 69<br>• Seeks information that is not reasonably calculated to lead to the | These requests seek various documents relevant to IBD's defense of GOJO's claims or to IBD's counterclaims. In each |

12

| | | |
|---|---|---|
| hand sanitizers and quat-based sanitizers.<br><br>**Request No. 64.** All DOCUMENTS RELATING TO YOUR testing protocols for YOUR alcohol-based hand sanitizers and quat-based hand sanitizers.<br><br>**Request No. 66.** All studies on safety, toxicology, pharmacokinetics, dermal (including ocular and mucousal) irritation and sensitivity, hormonal changes, and skin penetration, which support YOUR contention that YOUR alcohol-based hand sanitizers are safe and effective.<br><br>**Request No. 67.** ALL DOCUMENTS that support YOUR contention in paragraph 10 of YOUR COMPLAINT that "PURELL® Sanitizer is America's # 1 hand sanitizer."<br><br>**Request No. 69.** ALL DOCUMENTS that support YOUR contention in paragraph 10 of YOUR COMPLAINT that "When used according to instructions, PURELL® Sanitizer is a safe and effective product."<br><br>**Request No. 70.** ALL DOCUMENTS | discovery of admissible evidence.<br>• Harassment.<br>• Overbroad and unduly burdensome as it is not reasonably limited in time.<br>• Vague and ambiguous as to the term "quat-based sanitizers."<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control from January 1, 2010 to the present.<br><br>As to Request No. 70<br>• GOJO agreed to produce non-privileged documents responsive to the request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | of these responses, GOJO limits the production of documents to January 1, 2010 to the present. However, by doing so, GOJO is improperly excluding relevant, responsive documents. GOJO must produce documents relevant to the products at issue in this litigation, namely those addressed GOJO's claims and IBD's counterclaims. |

13

EXHIBIT "A"

| | | |
|---|---|---|
| that REFER or RELATE to YOUR contention in paragraph 11 of YOUR COMPLAINT that "The FDA recognizes Category I agents as safe and effective." | | |
| **Request No. 65.** All DOCUMENTS RELATING TO YOUR deviation from the FDA guidelines for testing protocols for alcohol-based hand sanitizers. | <ul><li>Seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.</li><li>Harassment.</li><li>Overbroad and unduly burdensome as it is not reasonably limited in time.</li><li>Vague and ambiguous as to the phrase "deviation from FDA guidelines."</li></ul> | This request seeks documents relating to GOJO's deviation from FDA guidelines for testing protocols for alcohol-based hand sanitizers. GOJO objects to this request on the grounds that the terms "deviation from FDA guidelines" is vague, and claims not to understand which "FDA guidelines" are at issue. However, as GOJO notes, the TFM sets forth these guidelines. GOJO should produce the responsive documents. |
| **Request No. 67.** ALL DOCUMENTS that support YOUR contention in paragraph 10 of YOUR COMPLAINT that "PURELL® Sanitizer is America's # 1 hand sanitizer." | <ul><li>Overbroad and unduly burdensome as it is not reasonably limited in time.</li><li>GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control from January 1, 2010 to the present.</li></ul> | This request seeks all documents in support of GOJO's claim in its complaint that Purell is "America's # 1 hand sanitizer." GOJO agreed to produce documents in its response and claims to have produced all responsive documents. Again, IBD believes additional documents exist. |
| **Request No. 80.** All DOCUMENTS that RELATE TO YOUR contention in paragraph 30 of YOUR COMPLAINT that "Defendants have directly and indirectly approached other GOJO customers and have made the same or similar misrepresentations, to wit: that | As to Request No. 80<ul><li>GOJO claimed that responsive documents should already be in IBD's possession.</li><li>However, GOJO agreed to produce non-privileged documents responsive</li></ul> | These requests seek documents relating to GOJO's contention in paragraph 30 of its complaint. GOJO initially limited the production of documents from December 1, 2014 to the present, but agreed to search back to January 1, 2012 to the present. IBD believes not all responsive |

14

| | | |
|---|---|---|
| Zylast® products have been approved by the FDA, and that Defendants are permitted to place the FDA's stamp of approval on the outside of the bottle."<br><br>**Request No. 81.** All DOCUMENTS sufficient to show all of YOUR customers YOU contend IBD "directly and indirectly approached…and have made the same or similar misrepresentations, to wit: that Zylast® products have been approved by the FDA, and that Defendants are permitted to place the FDA's stamp of approval on the outside of the bottle" as alleged in paragraph 30 of YOUR COMPLAINT. | to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control from December 1, 2014 to the present.<br><br>As to Request No. 81<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control from December 1, 2014 to the present. | documents have been produced. |
| **Request No. 85.** All DOCUMENTS that support YOUR contention in paragraph 34 of YOUR COMPLAINT that "GOJO has been and continues to be irreparably damaged by Defendants' actions." | • GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | This request seeks all documents which refer to, relate to, or support GOJO's claim of irreparable harm. IBD addressed the lack of production of any documents by GOJO with GOJO. IBD demands that GOJO comply with its obligations and produce documents. |
| **Request No. 86.** All DOCUMENTS sufficient to show your alleged damages for each customer YOU allege YOU lost as a result of the events set forth in YOUR COMPLAINT. | • Potentially subject to the attorney work-product doctrine.<br>• GOJO claimed that it is still in the process of determining its damages and that it will supplement its response to this request as additional information becomes available in | This request seeks all documents sufficient to show alleged damages GOJO has suffered for each customer GOJO allegedly lost as a result of acts set forth in the complaint. Again, IBD addressed the lack of production of any documents by GOJO. IBD demands that GOJO comply with its obligations and produce |

EXHIBIT "A"

| | | discovery. | documents. |
|---|---|---|---|
| **Request No. 97.** All DOCUMENTS that support YOUR contention that Zylast® is a dual-active product. | • Vague and ambiguous as to the term "dual-active product."<br>• GOJO claimed that responsive documents should already be in IBD's possession.<br>• However, GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | | This request seeks all documents supporting GOJO's claim that Zylast is a dual-active product. GOJO claims that it produced all responsive documents, but IBD continues to believe other documents exist that must be produced. |
| **Request No. 98.** All DOCUMENTS RELATING TO the definition of "active" with respect to the phrase "dual-active product." | • Vague and ambiguous as to the term "dual-active product."<br>• GOJO agreed to produce non-privileged documents responsive to this request, to the extent they exist, that are reasonably accessible and are in GOJO's possession, custody, or control. | | This request seeks documents relating to the definition of "active" with respect to the terms "dual-active product." Again, GOJO claims that it produced all responsive documents, but IBD continues to believe other documents exist that must be produced. |

4851-1397-6107.1

16