

4 Park Plaza, Suite 1100
Irvine, CA 92614
T 949. 851.1100
F 949. 851.1212

Benjamin A. Nix
(949) 797-1249
ban@paynefears.com

File No.: 4863.002

January 26, 2016

*VIA E-MAIL AND U.S. MAIL*

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re:     *Gojo Industries, Inc. v. Innovative Biodefense, Inc. – Case No. 15-cv-2946 (PAC)*

Dear Judge Crotty:

Pursuant to Rule 3 of the Court's Individual Rules of Practice, Defendant/Counter-Claimant Innovative Biodefense, Inc. ("IBD") respectfully requests that the Court schedule a pre-motion teleconference regarding Plaintiff/Counter-Defendant GOJO Industries, Inc.'s ("GOJO") failure to produce documents in response to IBD's first and second requests for production. The Court's Order dated December 16, 2015 previously addressed these requests, but also left open the option of IBD demonstrating that responsive documents exist which were not produced. (*See* Order, dated 12/16/15, fn. 2.)

Despite GOJO's prior representations in written responses that it either produced all responsive documents or did not have any documents, GOJO's witnesses recently identified in depositions certain responsive documents in GOJO's possession were not produced in response to IBD's production requests.[1][2] It now appears that GOJO did not conduct a diligent search and reasonable inquiry in an effort to locate responsive documents requested by IBD. IBD requests a pre-motion teleconference with the Court at the Court's earliest convenience as the documents which have yet to be produced by GOJO are needed for the continued depositions of GOJO's witnesses.

---

[1] Attached hereto as Exhibits "B" and "C" (under seal) are true and correct copies of relevant portions of GOJO's written responses to IBD's first request for production and second request for production.

[2] Attached hereto as Exhibits "D" through "I" (under seal) are true and correct copies of relevant portions of the deposition transcripts of GOJO witnesses deposed on January 6-8, and January 13-15: David Macinga, James Arbogast, Jane Kirk, Jeffrey Kurtzer, David Mackay, and Christopher Havanas.

Hon. Paul A. Crotty
January 26, 2016
Page 2


The specific deficiencies with regard to responsive documents identified by GOJO's witnesses are identified in the accompanying Exhibit "A," which also identifies the production requests at issue, GOJO's response to the requests, and relevant deposition testimony of the GOJO witnesses. The documents that are at issue are summarized below:

1. Documents and communications reflecting any donations, financial incentives, and/or free products provided by GOJO.

2. Documents and communications regarding GOJO's protocols and protocol development for GOJO's studies.

3. Documents and communications concerning any testing that was performed on IBD's products, including but not limited to the persistence, residual active, time kill, rapid antibacterial, and BZT level testing.

4. Posters and other presentation materials that James Arbogast created for conferences.

5. Documents and communications regarding GOJO's agreements with its collaborators.

6. Documents and communications concerning any Microbak in-vitro efficacy testing.

7. Documents and communications concerning any comparison testing that was performed which supports GOJO's claim that it is the most effective hand sanitizer "ounce for ounce."

8. The reports concerning the amount of product dispensed by GOJO dispensers.

9. GOJO's organization chart.

10. The list of GOJO's healthcare directors.

11. Documents which identify the end-users and/or customers who received David Mackay's "Zylast – Non-Compliant Product Claims" letter, dated 4/20/15.

12. Documents and communications regarding GOJO's agreements with its distributors and sales agents.

13. The "letters to the editor" that David Mackay referred to that GOJO would submit in response to articles that GOJO disputes.

14. The GHX document showing market sales and research.

15. Any market research concerning brand recognition.

16. GOJO marketing plans.

17. The video, transcript, and slide deck of the Zylast presentation given by GermLogic at Texas APIC.

Hon. Paul A. Crotty
January 26, 2016
Page 3

      18.      White papers that GOJO prepared for different markets.

      19.      The spreadsheet and documents produced to the FDA through the FDA consumer portal.

As outlined in detail in Exhibit "A," these documents were responsive to IBD's requests, are in GOJO's possession, and should have been produced. IBD met and conferred with GOJO at the depositions of GOJO's witnesses on January 6-8 and January 13-15 regarding GOJO's failure to produce the aforementioned documents that are responsive to IBD's production requests. Further, in an attempt to avoid a pre-hearing conference, IBD also sent a further meet and confer letter to GOJO on January 18, which requested GOJO's agreement to produce the documents and also informed GOJO that IBD would have no choice but to address GOJO's failure with the Court if it did not respond by January 22. To date, GOJO has failed to respond to IBD's meet and confer efforts, and has informed IBD that a response, if any, will not be provided until the week of January 25. IBD respectfully requests that the Court order GOJO's immediate production of the documents that were identified at the depositions noted above.

Additionally, while IBD is making every effort to maintain the current discovery schedule that is in place, GOJO's failure to produce the documents responsive to IBD's requests has prejudiced IBD's preparation of its defense and counterclaims. IBD has informed GOJO that IBD reserves the right to further examine the GOJO witnesses who have already testified on documents which GOJO has improperly withheld. Because IBD must obtain the documents in advance of the continued depositions of GOJO's witnesses, IBD respectfully requests the Court's scheduling of a pre-motion conference to address these issues as soon as possible.

Moreover, GOJO has prejudiced IBD's ability to conduct discovery by a last-minute shuffling of two witnesses for deposition on January 13 and 14 without any notice. As a result, IBD's counsel was not fully prepared to depose the substitute deponent and was unable to complete the deposition. GOJO also objected to producing Mike Dolan and GOJO's FRCP 30(b)(6) designee(s) for depositions noticed for January 27, and 28. Other key depositions have been or are being arranged by IBD, but cannot be taken without the responsive documents.

Accordingly, in order to avoid any further prejudice to IBD's ability to conduct discovery in this matter prior to the discovery cutoff date, IBD respectfully requests a brief, three-month continuance of the current deadlines in the civil case management plan. A brief continuance also will provide the parties with the opportunity to meet face-to-face to participate in the District's Mediation Program, or arrange for other mediation.[3] An amended civil case management plan which reflects a three-month continuance of the current case-related deadlines is attached hereto as Exhibit "J."

---

[3] The parties have engaged in discussions concerning private mediation, but were unable to reach agreement in substantial part because of these scheduling issues.

Hon. Paul A. Crotty
January 26, 2016
Page 4

For the convenience of scheduling a pre-hearing conference, we are currently available all day on February 1 or 2, and during the morning of February 3.  Thank you for Your Honor's consideration.

    Sincerely,                          Sincerely,

    / s / Benjamin A. Nix            / s / Adam K. Kurland

    Benjamin A. Nix               Adam K. Kurland
    PAYNE & FEARS LLP        FENSTER & KURLAND

BAN/RTM
cc:    Mark J. Skakun, Esq. (via ECF)
       James D. Arden, Esq. (via ECF)

4848-5514-0141.1