# EXHIBIT A

| Documents that GOJO Witnesses Identified at Depositions | Responsive to IBD's Requests for Production | GOJO's Response to IBD's Requests for Production |
|---|---|---|
| 1) Documents and communications reflecting any donations, financial incentives, and/or free products provided by GOJO.<br><br>(Deposition of James Arbogast, Exh. "E," pp. 50:23-51:3; 147:23-24; 152:25-153:1; 153:20-154:15.) | Request Nos. 47, 51, 52, 53, 54, and 55. | GOJO responded that it had no responsive documents in its possession. However, in a study commissioned by GOJO, Mark Rupp, the co-author of the study, states that he was paid by GOJO, and e-mail communications produced by GOJO acknowledges that he was paid for both the study and paid a personal stipend. At least one GOJO employee, James Arbogast, acknowledged that free product was given in the study he supervised that is relied upon by GOJO in this action. However, the documents have not been produced. |
| 2) Documents and communications regarding GOJO's protocols and protocol development for GOJO's studies.<br><br>(Deposition of David Macinga, Exh. "D," pp. 33:21-25; 34:10-35:15; 35:17-36:1; 36:2-10, Arbogast Depo., pp. 44:6-19; 48:5-50:14; 74:3-5.) | Request Nos. 45, 46, 48, 49, 59, and 64. | GOJO agreed to produce all responsive documents and communications concerning testing. At least two GOJO employees now admit to having protocol documents. James Arbogast in particular testified that he was not asked to search for responsive documents. The documents have not been produced. |
| 3) Documents and communications concerning any testing that was performed on IBD's products, including but not limited to the persistence, residual active, time kill, rapid antibacterial, and BZT level | Request Nos. 10, 12, 13, 45, 46, 60, 63, 64, and 65. | GOJO agreed to produce all responsive documents and communications concerning IBD products. However, they have not been produced. |

| | | |
|---|---|---|
| testing.<br><br>(Macinga Depo., pp. 15:19-16:8; 102:11-103:5; 104:1-19; 143:4-19; 184:4-23, Arbogast Depo., pp. 27:17-28:22; 30:10-32:25; 35:8-36:2; 36:17-25; 119:22-25; 121:19-24; 122:22-123:1, Deposition of David Mackay, Exh. "H," pp. 151:12-152-24, Deposition of Christopher Havanas, Exh. "I," p. 113:12-18.) | | |
| 4) Posters and other presentation materials that Dr. Arbogast created for conferences.<br><br>(Arbogast Depo., pp. 33:1-19; 200:2-22; 201:10-13.) | Request Nos. 35, 36, 37, and 41. | GOJO agreed to produce all responsive advertising and marketing materials. James Arbogast testified that he prepared numerous posters, and has many of them in his possession. These documents were not produced. |
| 5) Documents and communications regarding GOJO's agreements with its collaborators.<br><br>(Deposition of Jane Kirk, Exh. "F," pp. 68:23-70:6, Arbogast Depo., pp. 201:19-202:11.) | Request Nos. 45, 46, and 64. | GOJO agreed to produce all responsive communications with these collaborators, as well as documents and communications concerning the development of its protocols. However, they have not been produced. |
| 6) Documents and communications concerning any Microbak in-vitro efficacy testing.<br><br>(Macinga Depo., pp. 20:14-21:3.) | Request Nos. 45, 46, 60, 63, 64, and 65. | GOJO agreed to produce all responsive documents and communications concerning testing. However, these documents have not been produced. |
| 7) Documents and communications | Request Nos. 45, 46, 58-62, 63, 64, and 65. | GOJO agreed to produce all responsive |

| | | |
|---|---|---|
| concerning any comparison testing that was performed which supports GOJO's claim that it is the most effective hand sanitizer "ounce for ounce."<br><br>(Havanas Depo., p. 74:9-24, Deposition of Jeffrey Kurtzer, Exh. "G," p. 183:13-22.) | | documents and communications concerning testing. However, these documents have not been produced. |
| 8) The reports concerning the amount of product dispensed by GOJO dispensers.<br><br>(Macinga Depo., p. 228:1-13.) | Request Nos. 45, 46, 58-62, 63, 64, and 65. | GOJO agreed to produce all responsive documents and communications concerning testing. David Macinga acknowledged that documentation exists regarding testing of the amount of product dispensed by GOJO dispensers, which is used in GOJO's advertising. However, the documents have not been produced. |
| 9) GOJO's organization chart.<br><br>(Mackay Depo., p. 11:3-7, Kurtzer Depo., pp. 11:22-12:3.) | Request No. 101. | GOJO agreed to produce all responsive documents it used to prepare its responses to IBD's interrogatories. Not having this document, which was requested repeatedly by IBD, made it difficult to determine who to depose of the witnesses that GOJO identified in its interrogatory responses. At least two GOJO employees admitted that such an organization chart exists. |
| 10) The list of GOJO's healthcare directors.<br><br>(Kurtzer Depo., p. 63:23-25.) | Request No. 101. | GOJO agreed to produce all responsive documents it used to prepare its responses to IBD's interrogatories. Jeffrey Kurtzer testified that GOJO maintains a list of healthcare directors. The document has |

| | | |
|---|---|---|
| | | not been produced. |
| 11) Documents which identify the end-users and/or customers who received David Mackay's "Zylast – Non-Compliant Product Claims" letter, dated 4/20/15.<br><br>(Kurtzer Depo., pp. 112:16-115:19, Arbogast Depo., pp. 189:24-190:10, Mackay Depo., p. 208:7-17.) | Request Nos. 10, 12, 13, 26, 27, and 28. | GOJO agreed to produce all responsive documents and communications related to David Mackay's 4/20/15 letter, as well as all responsive documents and communications concerning IBD products. However, the documents have not been produced. |
| 12) Documents and communications regarding GOJO's agreements with its distributors and sales agents.<br><br>(Kurtzer Depo., pp. 24:3-17; 26:24-27:4.) | Request Nos. 26, 27, 85, 86, and 101. | GOJO agreed to produce all responsive documents concerning its damages claims. Two GOJO witnesses admitted that these documents exist. However, the documents have not been produced. |
| 13) The "letters to the editor" that David Mackay referred to that GOJO would submit in response to articles that GOJO disputes.<br><br>(Mackay Depo., p. 140:1-7.) | Request Nos. 35-37, 41, and 56. | GOJO agreed to produce all responsive documents and communications concerning the testing of its products. David Mackay noted that GOJO would submit letters whenever an article was published which had results that GOJO disagreed with. Again, the documents were not produced. |
| 14) The GHX document showing market sales and research.<br><br>(Mackay Depo., p. 23:7-25.) | Request Nos. 67, 71, and 84-86. | GOJO agreed to produce all responsive documents and communications regarding its allegation that it is a market leader, that IBD's conduct has allegedly caused customer confusion, as well as documents concerning GOJO's damages claims. |

| | | |
|---|---|---|
| | | David Mackay identified this document as evidence that GOJO is a market leader, but it has not been produced. |
| 15) Any market research concerning brand recognition.<br><br>(Mackay Depo., pp. 26:13-27:1.) | Request Nos. 67, 71, and 84-86. | GOJO agreed to produce all responsive documents and communications regarding its allegation that it is a market leader, that IBD's conduct has allegedly caused customer confusion, as well as documents concerning GOJO's damages claims. David Mackay identified this document as evidence of GOJO's brand recognition among hand hygiene customers, but it has not been produced. |
| 16) GOJO marketing plans.<br><br>(Mackay Depo., pp. 286:2-287:17.) | Request Nos. 67, 71, and 84-86. | GOJO agreed to produce all responsive documents and communications regarding its allegation that it is a market leader, that IBD's conduct has allegedly caused customer confusion, as well as documents concerning GOJO's damages claims. David Mackay acknowledged that GOJO maintains marketing plans for healthcare customers. However, they have not been produced. |
| 17) The video, transcript, and slide deck of the Zylast presentation given by GermLogic at Texas APIC.<br><br>(Mackay Depo., pp. 85:19-88:9.) | Request Nos. 10-13, 14, and 23-25. | GOJO agreed to produce all responsive documents and communications regarding IBD products, as well as representations that IBD allegedly made regarding IBD products. David Mackay acknowledged that GOJO representatives had videotaped a presentation given by GermLogic regarding Zylast, and also has copies of the |

| | | transcript of the presentation and the slide deck that was presented. |
|---|---|---|
| 18) White papers that GOJO prepared for different GOJO markets.<br><br>(Mackay Depo., pp. 160:2-161:4.) | Request Nos. 35, 36, 37, 41, 56, and 57. | GOJO agreed to produce all responsive advertising and marketing materials, as well as documents where GOJO represented that its products reduce infection rates. David Mackay acknowledged that white papers exist for many different markets. Currently, GOJO has only produced one such white paper that was presented to prisons. |
| 19) The spreadsheet which identifies the documents and the documents that GOJO produced to the FDA through the FDA consumer portal.<br><br>(Havanas Depo., pp. 191:12-192:23.) | Request Nos. 122 and 123. | GOJO alleged that it already produced all responsive documents, and had no further responsive documents to produce. However, Christopher Havanas acknowledged that he personally submitted repeated complaints to the FDA through the FDA customer portal, and has a spreadsheet documenting these complaints. Again, these documents have not been produced. |

4822-3088-2861.1