

4 Park Plaza, Suite 1100
Irvine, CA 92614
T 949. 851.1100
F 949. 851.1212

Benjamin A. Nix
(949) 797-1249
ban@paynefears.com

File No.: 4863.002

February 12, 2016

***VIA ECF AND U.S. MAIL***

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re:     *Gojo Industries, Inc. v. Innovative Biodefense, Inc. – Case No. 15-cv-2946 (PAC)*

Dear Judge Crotty:

Defendant/Counter-Claimant Innovative Biodefense, Inc. ("IBD") respectfully submits this letter in response to the Court's February 10 order, and to inform the Court that IBD is willing to attend a mediation session with Magistrate Judge James C. Francis IV pursuant to the Court's recommendation.  Moreover, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Rule 1E of the Court's Individual Rules of Practice, IBD also respectfully requests a three-month continuance of the current deadlines in the October 5, 2015 civil case management plan to allow the parties to schedule and attend mediation in this action and complete the remaining discovery below in the event the matter does not resolve at mediation.[1]

This Court has inherent authority to modify any scheduling orders after consultation with the parties' counsels provided "good cause" is shown.  FED. R. CIV. P. 16(b)(4); Adv. Comm. Notes to 1983 Amendment to Rule 16(b).  To establish "good cause," a party seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205, n.4 (10th Cir. 2006); *Optivus Tech., Inc. v. Ion Beam Applications S.A.*, 469 F.3d 978, 993 (Fed. Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Among the circumstances that are considered to determine if a party is diligent in order to warrant a modification of a scheduling order are (1) the party's diligence in assisting the court in fashioning a

---

[1] The current civil case management plan was stipulated to by the parties and was entered by this Court on October 5, 2015.  (Docket No. 86.)  The deadlines identified in the current plan include: (1) a February 12 deadline to complete fact discovery and depositions, (2) a March 29 deadline to complete expert discovery, (3) a March 4 deadline for counsel to meet face-to-face to discuss settlement, and (4) a March 11 date recommended by counsel for alternate dispute resolution.



Irvine  |  Los Angeles  |  San Francisco  |  Las Vegas  |  Salt Lake City  |  www.paynefears.com

The Honorable Paul A. Crotty
February 12, 2016
Page 2

workable scheduling order, (2) any actual or anticipated noncompliance resulted from circumstances not reasonably anticipated at the time of the original scheduling conference, and (3) a prompt request for modification was made once it became apparent that compliance was not possible.  *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228-29 (1st Cir. 1997); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3rd Cir. 2010); *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008).  Such circumstances are present in this case to grant IBD's request to continue the deadlines in the current civil case management plan.

While IBD has made every effort to maintain the current litigation management schedule, a series of discovery disputes have arisen between the parties.  Some of these discovery disputes are the subject of pre-motion letters that are pending before this Court and require resolution before discovery can conclude.  These matters include:

1.  IBD's January 26 pre-motion letter concerning IBD's discovery that GOJO failed to produce documents that are responsive to IBD's document requests. As IBD noted in its letter, despite GOJO's prior representations in written responses that it either produced all responsive documents or did not have any documents, GOJO's witnesses recently admitted in depositions that many responsive documents in GOJO's possession were not produced in response to IBD's production requests.  As a result of GOJO's failure to provide the documents, IBD has reserved the right to further examine the GOJO witnesses who have already testified on documents which GOJO has improperly withheld. As IBD noted in its January 26 letter, IBD must obtain these documents in advance of the continued depositions of GOJO's witnesses.

2.  IBD also is filing simultaneously with this letter a February 12 pre-motion letter regarding GOJO's belated and improper assertion of attorney-client privilege and/or the work product doctrine with respect to over 100 documents produced from July through December 2015, which GOJO attempted to "claw back" in a letter, dated January 13.  As with the documents at issue in IBD's January 26 letter, IBD must obtain the Court's ruling regarding the status of these improperly withheld documents before IBD can complete the continued depositions of GOJO's witnesses.

3.  GOJO's failure to provide alternative deposition dates for GOJO employee, Mike Dolan, and GOJO's FRCP 30(b)(6) designee(s).  While these depositions were originally noticed by IBD to take place on January 27 and 28, and re-noticed to take place on February 11 and 12 (before the current deadline to complete fact discovery and depositions), in each instance GOJO informed IBD that the depositions could not go forward due to scheduling conflicts.  GOJO's

The Honorable Paul A. Crotty
February 12, 2016
Page 3

counsel has acknowledged IBD's right to take these depositions but IBD has not
been able to proceed with them.

4.   GOJO's failure to provide deposition dates for the continued deposition of
GOJO employee, Jeffrey Kurtzer.  Because of GOJO's last-minute shuffling of
the dates for Mr. Kurtzer's deposition (from January 14 to January 13) without
any prior notice, IBD's counsel was not fully prepared to depose Mr. Kurtzer
and was unable to complete his deposition.

5.   Other key depositions, including the deposition of third party, Robert Howard,
are in the process of being rescheduled as a result of scheduling conflicts for the
deponent.  In addition, after the Court's ruling on Item No. 2 above, IBD
reserves the right to depose GOJO employee, Bruce Martino, and third party,
Paul Hyman.

6.   Finally, there are a substantial number of third parties which have received
timely subpoenas from IBD in this matter which have failed to comply and
produce responsive documents.  IBD is in the process of meeting and conferring
with those parties, but it is likely the Court's assistance in enforcement of at
least some of these subpoenas will be necessary.

In addition to the foregoing discovery issues, several other circumstances also
weigh heavily in favor of a brief continuance of the current deadlines in the civil case
management plan.

First, a trial date has not been set in this action.  Thus, trial is sufficiently far out
that no trial preparations have occurred and neither party will be prejudiced by a brief
continuance of the current deadlines.  Second, IBD is not requesting a substantial or
prejudicial continuance.  The length of the requested continuance – three months – does
not result in an unreasonable delay, and provides only enough time for IBD (and GOJO)
to attend mediation and otherwise complete discovery.  Third, absent a continuance of the
deadlines in the civil case management plan, there are no alternative means to address the
problem giving rise to IBD's need for a continuance.  Fourth, a brief continuance will
provide the parties with the opportunity to meet face-to-face to participate in the
District's Mediation Program, or arrange for other mediation.[2]  Finally, GOJO has not
expressed an objection to the continuance, and has not voiced any reason why it would be

---

[2] The parties have engaged in discussions concerning private mediation, but have been unable to
reach agreement in substantial part because of these scheduling issues.  As noted, however, IBD is
agreeable to mediating this case before the Magistrate Judge, James C. Francis IV, pursuant to the Court's
recommendation.

The Honorable Paul A. Crotty
February 12, 2016
Page 4


unduly prejudiced if the deadlines in the civil case management plan are continued.  In fact, GOJO itself would also be prejudiced if the deadlines are not continued.

In summary, maintaining the current deadlines in the civil case management plan will severely and irrevocably prejudice the parties.  IBD will not be able to adequately prepare for the continued depositions of GOJO's witnesses without a complete production of documents by GOJO.  Moreover, despite diligent efforts, IBD will be denied a full and fair opportunity to complete the depositions of witnesses before trial absent a continuance of the case management deadlines.  While IBD recognizes that the Court has an interest in efficiently hearing its cases, when two policies collide head-on, the strong public policy favoring disposition on the merits must outweigh the competing policy favoring judicial efficiency.

For the foregoing reasons, IBD respectfully requests a brief, three-month continuance of the current deadlines in the civil case management plan.  An amended civil case management plan which reflects a three-month continuance of the current case-related deadlines is attached hereto as Exhibit "A."  Should the Court require the scheduling of a pre-hearing conference on this matter, IBD's counsel are currently available in the afternoon of February 16 and 17.  Thank you for Your Honor's consideration.

Sincerely,                                            Sincerely,

/ s / Benjamin A. Nix                       / s / Adam K. Kurland

Benjamin A. Nix                             Adam K. Kurland
PAYNE & FEARS LLP                    FENSTER & KURLAND


BAN/RTM
cc:     Mark J. Skakun, Esq. (via ECF)
        James D. Arden, Esq. (via ECF)
        Justin S. Greenfelder, Esq. (via ECF)

4833-2178-0526.2

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

```
                                          :
GOJO INDUSTRIES, INC.                     :
                                          :
                                          :
                    Plaintiff(s),         :
                                          :
                                          :
        - against -                       :
                                          :
                                          :
INNOVATIVE BIODEFENSE, INC.               :
                                          :
                                          :
                    Defendant(s).         :
                                          :
                                          :
```

--------------------------------------------------------------------x

```
┌──────────────────────────────────────┐
│ USDC SDNY                             │
│ DOCUMENT                              │
│ ELECTRONICALLY FILED                  │
│ DOC #: _____                │
│ DATE FILED: _____           │
│                                       │
└──────────────────────────────────────┘
```

15  Civ. 2946  (PAC)

AMENDED
CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

**ALL DATES MUST BE TYPED NOT HANDWRITTEN.**

This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1.  All parties consent [    ] or do not consent [X  ] to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).  [Check one.]  [If all consent, the remaining paragraphs need not be completed.  The parties must submit a magistrate consent form located on my SDNY webpage.]

2.  This case is [X  ] or  is not [    ] to be tried to a jury.  [Check one.]

3.  Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  See pre-motion conference requirement located in my Individual Practices.

4.  Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed by:
    N/A

5.  All fact discovery shall be completed no later than 5/13/16_____ [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a.  Initial requests for production of documents to be served by: N/A_____
    b.  Interrogatories to be served by: N/A_____
    c.  Depositions to be completed by : 5/13/16_____

d.      Requests to Admit to be served by: N/A _____

7.      a.      All <u>expert</u> discovery shall be completed no later than: 6/27/16 _____
                [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5,
                <u>i.e.</u> the completion of all fact discovery.]

        b.      No later than thirty (30) days <u>prior to</u> the date in paragraph 5, <u>i.e.</u> the completion of all fact
                discovery, the parties shall meet and confer on a schedule for expert disclosures, including
                reports, production of underlying documents and depositions, provided that (i) plaintiff(s)'
                expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert
                discovery shall be completed by the date set forth in paragraph 7(a).

8.      All motions and applications shall be governed by the Court's Individual Practices, including pre-
        motion conference requirements.

9.      All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14)
        days following the close of fact discovery.

10.     a.      Counsel for the parties have discussed an informal exchange of information in aid of an early
                settlement of this case and have agreed upon the following:
                Plaintiff and Defendant IBD have exchanged information in connection with order
                to show cause _____

        b.      Counsel for the parties have discussed the use of the following alternate dispute resolution
                mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge;  (ii)
                participation in the District's Mediation Program; and/or (iii) retention of a privately retained
                mediator.   Counsel for the parties propose the following alternate dispute resolution
                mechanism for this case:  District Mediation Program _____

        c.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated
                in paragraph b, be employed at the following point in the case (<u>e.g.</u> within the next sixty days;
                after the deposition of plaintiff is completed (specify date); after the close of fact discovery)
                After the close of fact discovery _____

        d.      The use of any alternative dispute resolution mechanism does not stay or modify any date in
                this Order.

11.     The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery
        (whichever is later).  By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial
        Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R.
        Civ. P. Any motions <u>in limine</u> (for which the pre-motion conference requirement is waived) shall be

filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12.   Counsel for the parties have conferred and their present best estimate of the length of trial is: __1 week__ .

13.   The "dates" column below shall be filled out by counsel. **ALL DATES MUST BE TYPED NOT HANDWRITTEN.**

| 13.  Civil Case Management Plan Requirement | Dates: |
|---|---|
| Initial Disclosure pursuant to Rule 26(a)(1), Fed.R.Civ.P. to be served no later than | N/A |
| All fact discovery to be completed no later than: | 5/13/16 |
| Discovery - initial requests for production of documents to be served no later than: | N/A |
| Discovery - interrogatories to be served no later than: | N/A |
| Discovery - depositions to be completed no later than: | 5/13/16 |
| Discovery - requests to admit to be served no later than: | N/A |
| All expert discovery to be completed no later than: | 6/27/16 |
| Parties to meet to confer on scheduled for expert disclosures no later than: | 4/11/16 |
| All counsel to meet face-to-face to discuss settlement no later than: | 6/6/16 |
| Date recommended by counsel for alternate dispute resolution: | 6/13/15 |

------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

14.   The next conference is scheduled for: ___/___/ 20___ @ ___: ___ AM / PM in Courtroom 11D. 14-C

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than two (2) days prior to the expiration of the date sought to be extended.

_____
Paul A. Crotty
United States District Judge

Dated: ___/___/20___
          New York, NY